# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:06-CR-66 |
| | ) | | 2:07-CR-29 |
| JERRY F. JOHNSON | ) | | JUDGE JORDAN |

## AGREED ORDER OF REVOCATION

Petitions for Revocation of Supervised Release have been filed against the defendant, Jerry F. Johnson, and the defendant admits that he has violated certain conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Johnson's supervised release should be revoked and that he should receive a sentence of the statutory maximum of 21 months as to Count 1 (Case Number 2:06-CR-66) and 33 months as to Count 2 (Case Number 2:07-CR-29) to run concurrently with the sentence to be imposed in case number 2:13-CR-91, with no further supervision to follow as to the revocation cases.

Mr. Johnson agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1)   The right to the assistance of counsel for his defense.

(2)   The right to see and hear all the witnesses and have them cross-examined in his defense.

(3)   The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Johnson stipulates to the following Grade A and C violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition**: The defendant shall not commit another federal, state, or local crime.

(2) **Standard Condition No. 8**: The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(3) **Standarad Condition No. 9**: The defendant shall not associated with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

On or about June 22, 2013, Mr. Johnson was cited by the Johnson City Police Department for Adult Contributing to Delinquency of a Child. According to police reports, officers responded to a suspicious activity complaint at 207 East Mountcastle Drive (Motel 6). Upon arrival, the manager stated to police there had been numerous females outside and in Room 232 and the rooms adjoining it, and the tenants were from out of town. Officers made contact and discovered Mr. Johnson, two adult females (Tracy Marziani and Mellisa Roper), and at least three unidentified adult males in the room. Ms. Marziani is reportedly Mr. Johnson's fiancé. Further investigation revealed a juvenile female in the room as well, and another juvenile female was located in an adjoining room.

Written statements submitted by both juveniles indicated Mr. Johnson and Ms. Marziani had picked them up from separate locations in Bristol, Virginia, and transported them to the Motel 6 in Johnson City, Tennessee. Mr. Johnson was driving the vehicle. The juveniles stated Ms. Marziani asked the juveniles if they wanted to make money in Johnson City by being "tricked out," and indicated either she or Mr. Johnson would take a cut of the money earned. The juveniles also disclosed that, while at the motel, they smoke a "marijuana blunt" provided by Ms. Roper. When the police arrived, the juveniles were told to hide in separate rooms.

Ms. Marziani was taken in to custody, and Mr. Johnson and Ms. Roper were issued misdemeanor citations. Mr. Johnson reported the law enforcement contact on June 24, 2013, stating he was issued a citation by the Washington County Police Department for Contributing to the Delinquency of a Minor.

(4) **General Condition**: The defendant shall not commit another federal, state, or local crime.

(5) **Standard Condition No. 9**: The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

    On or about October 8, 2013, the Grand Jury for the United States District Court for the Eastern District of Tennessee issued an Indictment in case number 2:13-CR-91. The Grand Jury charged that from on or about June 18, 2013, and continuing to on or about June 23, 2014, Mr. Johnson did knowingly conspire and agree with others known and unknown to the Grand Jury, to transport individuals who had not attained the age of 18 in interstate commerce, with intent that such individuals engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense.

    The Grand Jury further charged that on or about June 18, 2013, to on or about June 23, 2013, Mr. Johnson, along with other defendants, aided and abetted by one another, knowingly persuaded, induced, and enticed any individual to travel in interstate commerce to engage in prostitution.

    The Grand Jury further charged from on or about June 18, 2013, to on or about June 23, 2013, Mr. Johnson, along with other defendants, aided and abetted by one another, knowingly transported any individual in interstate commerce with intent that such individual engage in prostitution.

    On June 5, 2014, Mr. Johnson appeared before District Judge R. Leon Jordan, and entered a plea to count one of the Indictment, Conspiring to Transport Minors in Interstate Commerce for Purposes of Prostitution, in violation of Title 18 U.S.C. § 2423(a).

    Mr. Johnson pled guilty pursuant to a plea agreement on June 5, 2014, to Conspiring to transport minors in interstate commerce for purposes of prostitution in violation of 18 U.S.C. § 2423(a). His sentencing is set for January 22, 2015.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade A and C violations for which an advisory guideline range of 18 to 24 months would apply given his Criminal History Category III. The Court has considered these advisory guideline ranges. The Court has also considered the

statutory maximum of 21 months as to Count 1 (Case Number 2:06-CR-66) and 33 months as to Count 2 (Case Number 2:07-CR-29). The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release terms are hereby revoked. The defendant is hereby sentenced to 21 months as to Count 1 (Case Number 2:06-CR-66) and 33 months as to Count 2 (Case Number 2:07-CR-29) to run concurrently with the sentence to be imposed in case number 2:13-CR-91, with no further supervision to follow as to the revocation cases. It is further recommended that Mr. Johnson serve the incarceration terms at a medical facility at either Butner, North Carolina, or Lexington, Kentucky.

ENTERED this the 12th day of January 2015.

Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

__Helen Smith__
Helen C.T. Smith
Assistant U.S. Attorney

__Rodney A. McLain__
Rodney McLain
U.S. Probation Officer

__Jerry F. Johnson__
Jerry F. Johnson
Defendant

__Nikki C. Pierce__
Nikki C. Pierce
Attorney for Defendant

5